**Jon M. Egan**, OSB 002467
Jegan@eganlegalteam.com
**Jon M. Egan, PC**
547 Fifth Street
Lake Oswego, OR 97034-3009
Telephone: (503) 697-3427
Fax: (866) 311-5629
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JOSEPH BRINKMANN**, both in his individual capacity and, in addition, as a collective action on behalf of others similarly situated,<br><br>                              Plaintiff,<br>        vs.<br><br>**ABM ONSITE SERVICES - WEST, INC.**, a Delaware corporation,<br><br>                              Defendant. | Case No.<br><br>VERIFIED INDIVIDUAL AND COLLECTIVE ALLEGATION COMPLAINT<br><br>(FEDERAL WAGE CLAIMS)<br><br>Demand for Jury Trial |

**COMPLAINT—INDIVIDUAL AND COLLECTIVE ACTION**

Joseph Brinkmann (hereinafter "plaintiff"), suing both in his capacity as an individual and, in addition, in a collective action capacity on behalf of others similarly situated (the "Collective"), complains as follows against ABM Onsite Services – West, Inc. ("ABM").

**PRELIMINARY STATEMENT**

1.

This is an individual and collective action under federal wage and hour laws for certain present and former employees of ABM to recover unpaid minimum wages and

liquidated damages. Plaintiff requested the production of the Collective's time and pay records from ABM before this litigation, but ABM refused to produce them. All allegations herein are therefore made to the best of plaintiff's and his counsel's good-faith knowledge, information and belief, based upon the public records and other evidence available to them prior to litigation, before the parties have had the chance to conduct full discovery, and plaintiff reserves the right to amend his allegations following completion of discovery.

## JURISDICTION AND VENUE

2.

This Court has jurisdiction over the subject matter of this complaint pursuant to 29 U.S.C. § 216 (Fair Labor Standards Act ("FLSA")), 28 U.S.C. § 1331 (Federal Question), and 28 U.S.C. § 1337 (Actions arising under acts of Congress relating to commerce).

3.

Venue is proper in the District of Oregon pursuant to 28 U.S.C. § 1391(b)(2) because ABM transacts business in this district, plaintiff was employed by ABM in this district, and acts and omissions that are the subject of this suit transpired in this district.

## PARTIES

4.

At all material times, plaintiff was a resident and citizen of the State of Oregon. At all material times, plaintiff and the Collective members were employees of ABM.

5.

Defendant ABM is a Delaware corporation that at all material times was registered with the Oregon Secretary of State as doing business in Oregon.

## FACTS

### 6.

ABM often issued checks to plaintiff and Collective members after the regular payday on which such checks were due. In doing so, ABM failed to pay them the minimum wage on payday, when it was due.

## COLLECTIVE ALLEGATIONS

### 7.

ABM engaged in acts and practices that violated the Collective members' rights under the FLSA. In addition to bringing this action individually on behalf of himself, therefore, plaintiff also brings this action on behalf of all current and former employees who are similarly situated. Plaintiff alleges that as a result of the nonpayments indicated herein, he and each of the other members of the Collective received less than the applicable federal minimum wage, when those wages were due, for at least one workweek while in ABM's employ, in violation of § 6 of the FLSA (29 U.S.C. § 206). Obviously, for any employee who worked in excess of 40 hours in a given workweek, the same nonpayments will also result in an overtime violation under § 7 of the FLSA (29 U.S.C. § 207). Plaintiff and the other Collective members are similarly situated in all relevant respects.

## FIRST CLAIM FOR RELIEF

### (FLSA Minimum Wage Claim)

### 8.

All previous paragraphs are incorporated by reference herein.

### 9.

Pursuant to 29 U.S.C. § 206, ABM was required to pay plaintiff and the Collective

members at least the amount of the federal minimum wage, when those wages were due, but willfully failed to do so.

10.

Plaintiff and Collective members are entitled to collect the difference between their wages received when due and the federal minimum wages due in an amount to be proven at trial, in addition to liquidated damages in the same amount, together with attorney fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF

(FLSA Overtime Claim)

11.

All previous paragraphs are incorporated by reference herein.

12.

Pursuant to 29 U.S.C. § 207, ABM was required to pay Plaintiff and the Collective members at least one and one half times their regular rate of pay for all hours worked in excess of 40 in a given workweek, when those wages were due, but willfully failed to do so.

13.

Plaintiff and the Collective members are entitled to collect the difference between their wages received when due and the overtime wages due in an amount to be proven at trial, in addition to liquidated damages in the same amount, together with attorney fees, costs and nontaxable expenses, pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that the Court award such damages as set forth

above and in amounts to be proven at trial; award attorney fees, costs and expenses; and order such further or alternative relief as the Court deems appropriate.

DATED this 16th day of February, 2017

JON M. EGAN, P.C.

*s/ Jon M. Egan*

_____
JON M. EGAN, OSB # 002467
Attorney for Plaintiff

I hereby give my written consent to participate in and join this lawsuit as a named plaintiff, as a representative of absent employees, and as an FLSA collective member.

*s/ Joseph Brinkmann*

_____
Joseph Brinkmann