**David G. Hosenpud**, OSB No. 832414
hosenpudd@lanepowell.com
**LANE POWELL** PC
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2141
Facsimile: 503.778.2200

Attorneys for Defendant ABM Onsite Services - West, Inc.

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JOSEPH BRINKMANN,** both in his individual capacity and, in addition, as a collective action on behalf of others similarly situated, | Case Nos. 3:17-cv-00275-SI (Lead) 3:17-cv-00478-SI (Consolidated Case) |
| Plaintiff, | ABM Onsite Services – West, Inc.'s MOTION FOR PARTIAL SUMMARY JUDGMENT |
| v. | |
| **ABM ONSITE SERVICES - WEST, INC.**, a Delaware corporation, | **ORAL ARGUMENT REQUESTED** |
| Defendant. | |

## I.  LR 7-1 CERTIFICATION REQUIREMENTS

Undersigned counsel for Defendant ABM Onsite Services – West, Inc. ("Defendant" or "ABM") certifies that he has conferred in good faith with counsel for Plaintiff Joseph Brinkmann ("Plaintiff") regarding the issues presented by this Motion for Partial Summary Judgment, and they were unable to resolve them.

PAGE 1 -   DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

## II.  MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, ABM moves this Court for an order granting partial summary judgment in its favor as it relates to two issues asserted by the Plaintiff. Specifically, ABM moves this Court for: (1) a determination that Plaintiff is only entitled to actual damages or *one* $200 penalty under ORS § 652.615 if he proves his claims for alleged violations of ORS § 652.610(3); and (2) a determination that the statute of limitations for Plaintiff's claim for violation of ORS § 652.615 is three years.[1]  With respect to both of these issues, there are no genuine issues of material fact, and ABM is entitled to judgment as a matter of law.

This Motion is supported by ABM's Memorandum in Support of its Motion for Partial Summary Judgment as well as the Declaration of David G. Hosenpud and the exhibits thereto.

## III.  MEMORANDUM

### A.    Introduction.

Plaintiff's claim for allegedly improper deductions arises out of his allegation that ABM improperly deducted, as a part of his Workers' Benefit Fund assessment, a mere 1.65 cents per hour that he was paid, but did not work.  At the very most, his actual damages for the entirety of his employment for these alleged deductions is no more than $4.25.  Nevertheless, based on tortured readings of the relevant statutes, Plaintiff claims he is entitled to a windfall of $200 per alleged violation of ORS § 652.610(3), resulting in massively punitive damages of $3,200.  ***Put simply, Plaintiff claims he is entitled to more than 750 times his actual damages***.  As a result, ABM seeks a judgment from this Court that ORS § 652.615 allows for only one $200 penalty or actual damages, whichever is greater, consistent with the plain language of the statute, case law, and legislative history.  Plaintiff's overreaching claim that he is entitled to the astronomical amount of $200 per alleged violation of the relevant statutes is without any support in the law.

---

[1] ABM does not concede liability for alleged violations of ORS § 652.615 or for any of Plaintiff's other claims.  To the contrary, ABM is prepared to vigorously defend the claims against it.  ABM submits this Motion for Partial Summary Judgment to obtain a ruling regarding the limited scope of damages available to the Plaintiff, in the event that he is able to prove his claims against ABM.

PAGE 2 -    DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Further, Plaintiff advances a strained misapplication of Oregon law and seeks damages for alleged violations of ORS § 652.615 going back six years, despite the fact that ORS § 12.100(2) plainly provides for a three-year statute of limitations for statutes imposing monetary penalties. Because ORS § 652.615 is unmistakably a penalty statute, ABM also seeks a ruling from this Court that the statute of limitations applicable to ORS § 652.615 is three years, consistent with ORS § 12.100(2).

These are pure matters of law for the Court to decide, and ABM seeks a partial summary judgment in its favor.

**B.    Summary of Undisputed Material Facts.**

Plaintiff brings this case on behalf of himself and a putative class of "all current and former ABM employees who received a paycheck for work performed in Oregon on or after February 16, 2011." (Court-Ordered Consolidated Administrative Complaint ("Complaint") (ECF No. 23) at ¶ 10.) Among other claims, Plaintiff alleges that ABM wrongfully and willfully deducted certain Oregon Workers' Benefit Fund assessments from his paychecks and from those of the putative class members. (*Id.* at ¶¶ 7, 26). Plaintiff claims that these alleged deductions violated ORS § 652.610(3), which prohibits an employer from wrongfully deducting any portion of an employee's wages. (*Id.* at ¶¶ 26-27). It is undisputed that Plaintiff is seeking a $200 penalty *for each alleged violation* of ORS § 652.615, even though the law (as discussed below) does not support such overreaching. Specifically, Plaintiff claims that he and the putative class members "are entitled to (for each violation) the greater of $200 or actual damages in an amount to be proven at trial, pursuant to ORS 652.615, together with attorney fees, costs and disbursements, as well as pre- and post-judgment interest." (*Id.* at ¶ 27 (parenthetical in original)).

Critically, it is undisputed that Plaintiff's alleged actual damages for these purported violations during his employment from October 2014 through December 2015 are no more than $4.25. (Declaration of David G. Hosenpud ("Hosenpud Decl."), ¶ 2, **Exs. 1 and 1A**). Plaintiff claims that ABM improperly deducted the employee's portion of the Oregon Worker's Benefit

PAGE 3 -    DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Fund assessment from his paycheck for hours that he was paid but did not work, such as hours in which he received holiday or sick pay. (Complaint at ¶ 7). ABM paid Plaintiff for 257.5 hours that he did not work, and Plaintiff claims that ABM improperly deducted his portion of the Oregon Worker's Benefit Fund assessment for each of these hours. (Hosenpud Decl. ¶ 2, **Exs. 1 and 1A**). Because the Worker's Benefit Fund assessment attributable to the employee was 1.65 cents per hour during Plaintiff's employment, his actual damages amount to no more than $4.25 (1.65 cents x 257.5 hours = $4.25).[2] Accordingly, should Plaintiff prevail on his claims for violation of ORS § 652.615, he should be entitled to one $200 penalty, because his alleged actual damages are less than $200. Nevertheless, even though Plaintiff is entitled to (at most) only $200 if he proves his claims for violation of ORS § 652.615, he seeks a windfall of $3,200 resulting from these allegedly wrongful deductions over 16 pay periods—hundreds of times his alleged actual damages. (Hosenpud Decl. ¶ 2, **Ex. 1, Ex. 1A**). (16 pay periods x $200 = $3,200).

Not only is this colossal sum patently unrecoverable under the law, but both the $200 damages award and certainly the $3,200 figure in comparison to Plaintiff's actual alleged damages makes the penal nature of ORS § 652.615 crystal clear. Despite the obviously penal nature of ORS § 652.615, Plaintiff ignores the fact that penalty statutes are subject to a three-year statute of limitations under Oregon law. *See* ORS § 12.100(2); (Complaint at ¶ 10) (stating that Plaintiff seeks to represent all employees dating back to February 16, 2011, six years prior to the filing of the original complaint in this action on February 16, 2017 (ECF No. 1)). Instead, Plaintiff seeks damages on behalf of the class going back six years prior to the filing of his Complaint, Oregon law to the contrary notwithstanding.

Plaintiff's misapplication of Oregon law must be stopped, and the Court should grant this Motion for Partial Summary Judgment.

---

[2] *See* Workers Benefit Fund (WBF) Assessment materials provided by the Department of Consumer Business & Services, **Exhibit 2** to Hosenpud Decl. at p. 7, (stating that the employee's portion of the Oregon Worker's Benefit Fund during 2014-2015 was 1.65 cents).

PAGE 4 -   DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

C.    **Legal Argument.**

Summary judgment must be granted where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Wash. Mut. Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011); Fed. R. Civ. P. 56(a). Where the issues relate to the "legal significance of undisputed facts, the controversy is a question of law suitable for disposition on summary judgment." *Wash. Mut. Inc.*, 636 F.3d at 1216. "The substantive law governing a claim or a defense determines whether a fact is material." *Uptown Market, LLC v. Ohio Security Ins. Co.*, 286 F. Supp. 3d 1160, 1165 (D. Or. 2018) (citing *Miller v. Glenn Miller Prod., Inc.*, 454 F.3d 975, 987 (9th Cir. 2006)). "If the resolution of a factual dispute would not affect the outcome of the claim, the court may grant summary judgment." *Id.* Here, there are no genuine issues of material fact, and the Court should resolve these issues of law consistent with ABM's arguments herein.

1.    **The remedy available for a violation of ORS § 652.610(3) is the greater of actual damages or *one* $200 penalty.** The express language of ORS § 652.615 states that the remedy for violations of ORS § 652.610(3) is "actual damages or $200, whichever is greater." Because the statute does *not* provide "actual damages or $200 *per violation*," courts routinely determine that aggrieved plaintiffs are entitled only to their actual damages or *one* penalty of $200. For example, in *Nance v. May Trucking Co.*, the plaintiff sought damages for two violations of ORS § 652.610, but the Court awarded him only one $200 penalty. No. 3:12-cv-01655-HZ, 2014 WL 2113094, *4 (D. Or. May 20, 2014). The District Court stated as follows:

> The remedy for violation of ORS § 652.610 is "actual damages or $200, whichever is greater." ORS § 652.615. * * * Plaintiff's actual damage is $15.99 from the two deductions—$8.69 for the payroll ending April 20, 2011 and $7.30 for the payroll ending May 4, 2011. **Plaintiff seeks $200 for *each* improper deduction, but I disagree that there are two violations**. *See Smith v. Woodward*, No. 02-547-ST, 2003 U.S. Dist. LEXIS 25609, at *22. 2003 WL 23537985 (D. Or. Sept 30, 2003) (defendants made several unauthorized deductions, but plaintiff only entitled to actual damages or $200). Therefore, I award Plaintiff $200 in damages, costs, and reasonable attorney fees.

PAGE 5 -   DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

(emphasis added) (affirmed on other grounds at *Nance v. May Trucking Company*, 685 Fed. Appx. 602 (9th Cir. 2017)); *see also Smith v. Woodward*, No. CV-02-547-ST, 2003 WL 23537985 (D. Or. Sept. 30, 2003); *Tolle v. Dempsey*, No. 3:13-cv-00570-HU, 2013 WL 6670263 (Dec. 17, 2013) (awarding one $200 penalty for multiple allegedly improper deductions in a default judgment case).

Moreover, the legislative history of ORS § 652.615 confirms that the legislature intended for a remedy of actual damages or one penalty of $200, whichever is greater. *See State v. Gaines*, 346 Or. 160, 206 P.3d 1042 (2009) (discussing statutory interpretation under Oregon law); *Portland General Elec. Co. v. Bureau of Labor and Industries*, 317 Or. 606, 859 P.2d 1143 (1993) (also discussing statutory interpretation under Oregon law) (overruled in part by *State v. Gaines*, 346 Or. 160, 206 P.3d 1042 (2009)). Under Oregon law, courts interpreting Oregon statutes are to first consider the text and context of the statute itself. *Gaines*, 346 Or. at 171. Next, the court may consider pertinent legislative history, even if there is no ambiguity in the text of a statute itself. *Id.* at 171-72. Thereafter, if the legislature's intent still remains unclear, the court may resort to general maxims of statutory construction to aid in resolving any remaining uncertainty. *Id.* at 172.

In this case, both the plain text of the statute and the legislative history support a reading of ORS § 652.615 wherein the $200 penalty is only awardable to the Plaintiff once. The plain text of the statute states that there is a private cause of action for violation of ORS § 652.610(3) "for actual damages or $200, whichever is greater." The statute does not state "for actual damages or $200 **per violation**, whichever is greater." As stated in the *PGE* case, the court may not read language into the statute that is not there. *Portland General Electric*, 317 Or. at 611 (courts are mandated "not to insert what has been omitted, or to omit what has been inserted." (citing ORS § 174.010) (overruled in part on other grounds by *Gaines*, 346 Or. at 171-73).

Indeed, the statutory history is instructive on this point. Under Oregon law in 1943, the remedy for wrongfully withholding an employee's wages was as follows:

PAGE 6 -   DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

> Any person, firm, copartnership, association or corporation violating any of the provisions of this act shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined not less than ten dollars ($10.00) nor more than one hundred dollars ($100.00) **for each offense**.

1943, Oregon Laws Chapter 434, Section 3.  (Emphasis added) (**Ex. 3** to Hosenpud Decl.).  In 1981, the statute was amended to its current language awarding "actual damages or $200, whichever is greater. * * *" ORS § 652.615; (**Ex. 4** to Hosenpud Decl.).  This legislative history makes clear that the legislature knows how to draft into a statute a penalty **for each offense** when it intends to do so.  As stated in ORS § 174.010, the Plaintiff may not now interpret the statute so as to "insert what has been omitted" by the legislature.

Because the plain language of the statute, its legislative history, and Oregon courts' interpretations of the same all support a reading of the statute that provides for a remedy of actual damages or one $200 penalty, the Court should enter judgment accordingly.

**2.     The statute of limitations for alleged violations of ORS § 652.615 is three years.**

As discussed above, under ORS § 652.615, the legislature created a private cause of action for a violation of ORS 652.610(3) for actual damages or $200, whichever is greater.  The appropriate statute of limitations for this cause of action is set forth in ORS § 12.100(2), which states that "**An action upon a statute for penalty or forfeiture**, where the action is given to the party aggrieved, or to such party and the state, * * * **shall be commenced within three years**."  (Emphasis added).

Because ORS § 652.615 provides for a monetary penalty, a three-year statute of limitations must apply to this cause of action.  Although the plain language of ORS § 652.615 is the very picture of a penalty statute, defense counsel are not aware of any case law directly addressing the statute of limitations applicable to ORS § 652.615.  Nevertheless, both the case law and the legislative history of the statute support the application of a three-year statute of limitations.

Courts addressing the meaning of penalty statutes make clear that "[c]ompensatory damages are intended to make the injured party whole while a penalty is intended to punish or deter a wrongdoer."  *Clifton v. Babb Const. Co.*, No. 6:13-cv-01003-MC, 2013 WL 5739080 *2

PAGE 7 -   DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

(D. Or. Oct. 21, 2013) (citing *Diaz v. Coyle*, 152 Or. App. 250, 253, 953 P.2d 773 (1998)). "An accepted definition of a statutory penalty is that it is one which an individual is allowed to recover against a wrongdoer, as a satisfaction for the wrong or injury suffered, and without reference to the actual damage sustained." *Nordling v. Johnston*, 205 Or. 315, 324-325, 283 P.2d 994 (1955) (stating that a remedy of $100 plus actual damages is a penalty, as discussed in *Malarkey v. O'Leary*, 34 Or. 493, 499, 56 P. 521, 523 (1899)).

Here, the $200 remedy available for a violation of ORS § 652.615 is a penalty under Oregon law. As the court stated in *Clifton*, the $200 amount must be intended to deter a wrongdoer, because it provides an enhancement beyond any actual damages that are below that threshold. Moreover, consistent with the *Nordling* court's discussion of penalties, because the $200 penalty plainly has no bearing on actual damages, the statute must be construed as a penalty subject to the three-year statute of limitations. As discussed throughout, in this case in particular, Plaintiff's actual alleged damages are miniscule compared to the $200 penalty provided for in ORS § 652.615.

Indeed, the Ninth Circuit's decision in *Richardson v. Sunset Science Park Credit Union*, 268 F.3d 654, 658 (2001) gives further support to construing ORS § 652.615 as a penalty statute. The Ninth Circuit noted that ORS § 652.615 provides "for a *minimum* award of $200," making it "clear that the only prerequisite for relief is that a plaintiff have suffered a violation of ORS 652.610(3)." (Emphasis in original). "Once a plaintiff has established that violation, the plaintiff is entitled to a minimum of $200, whether or not actual damages are shown." *Id.* The *Richardson* court's explanation the penal nature of ORS § 652.615 demonstrates that the $200 penalty goes far beyond the goal of compensatory damages to make an injured party whole—instead providing a deterrent for wrongdoers. Moreover, the Ninth Circuit in *Richardson* repeatedly refers to ORS § 652.615 as a "statutory penalty." *Richardson*, 268 F.3d at 657-59 (stating that "Defendant cannot escape the statutory penalty under ORS 652.615" and "ORS 652.615 is a different penalty statute * * *" and defendant has an "obligation to pay a penalty for its violation of ORS 652.610(3)" and

PAGE 8 -    DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

assessing the district court's conclusion regarding the plaintiff's ability to "recover a penalty" for defendant's unlawful deduction); *see also Wilson v. Smurfit Newsprint Corp.*, 197 Or. App. 648, 107 P.3d 61 (2005) (also referring to ORS § 652.615 as a penalty); *see also Krouse v. Ply Gem Pacific Windows Corp.*, 803 F. Supp. 2d 1220 (D. Or. 2011) (also referring to ORS § 652.615 as a statutory penalty); *see also Tolle v. Dempsey*, No. 3:13-cv-00570-HU, 2013 WL 6670263 (D. Or. Dec. 17, 2013) (also referring to ORS § 652.615 as a statutory penalty).

Even though this case law makes clear that ORS § 652.615 is a penalty statute, the court may also consider legislative intent in determining that it is a penalty statute subject to ORS § 12.100(2). *See Diaz v. Coyle*, 152 Or. App. 250, 252-53, 953 P.2d 773 (1998) (stating that courts may consider whether the legislature intended the statute to be compensatory or punitive in nature). "Factors to consider in determining the legislative intent include: (1) the language of the underlying statute; (2) the context in which the exaction is provided for; and (3) the underlying statute's legislative history." *Clifton v. Babb Const. Co.*, No. 6:13-cv-01003-MC, 2013 WL 5739080 *2 (D. Or. Oct. 21, 2013) (citing *Diaz*, 152 Or. App. at 253).

Here, as discussed above, the language of the statute and the context in which the exaction is provided for make clear that ORS § 652.615 is a penalty. The statute provides for a monetary penalty in order to deter wrongdoers by implementing a steep exaction from the employer, even if the employee was not damaged at all. Furthermore, the legislative history reflects that the legislature intended for ORS § 652.615 to be construed as a penalty. In 1979, a bill was introduced by the Senate Committee on Labor, Consumer and Business Affairs known as Senate Bill 458, which served as the precursor for what is now ORS § 652.615. A Senate Committee memorandum on Senate Bill 458 stated that the bill is intended to create employee rights to "collect **penalties** for employer violations of existing laws dealing with the payment of wages," including a "provision of an itemized statement of deductions and of yearly compensation ($200), improper deductions from or diverting of employe[e]'s pay ($500)." January 21, 1979, Memorandum from the Senate Committee on Labor, Consumer and Business Affairs. (Emphasis added.) (**Ex. 5** to

PAGE 9 -   DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Hosenpud Decl.)  The memo went on to say that "Giving the aggrieved worker the right to collect a penalty from the wrongdoer" will alleviate problems relating to ineffective enforcement of wage claim statutes.  *Id.*  "This remedy has the advantage of:  1) providing a remedy to the worker, 2) putting the burden on the worker to take the steps necessary to right the wrong, 3) providing a way to meet the legislative intent without costing the State of Oregon any money or putting any added burden on the Bureau of Labor, **4) making the wrongdoer pay for his deed, 5) providing an effective deterrent to the wrongdoer**, and 6) effectuating the legislative intent of the current law."  *Id.*  (Emphasis added).  Although the specific language referencing a "penalty" was only included in the first introductory memo and was not included in the actual language of ORS § 652.615, the effect of the proposed bill did not change.  Further, the final Senate Bill 458 summary states that the effect of the bill would specify "enforcement procedures and penalties." (**Ex. 6** to Hosenpud Decl.)

Because the plain language of the statute, the case law, and the legislative history all support a reading of ORS § 652.615 as a penalty statute, the Court should apply the three-year statute of limitations outlined in ORS § 12.100(2).  Moreover, as discussed above, Plaintiff's alleged actual damages are a mere $4.25.  The $200 penalty is *forty-seven times* his actual alleged damages.[3]  The penal nature of this statute is patently clear.

Furthermore, although defense counsel are aware that some dated case law suggests that the test for whether a statute is a penalty rests on "whether the wrong sought to be redressed is a wrong to the public or a wrong to the individual," that line of analysis is incompatible with Oregon law.  *See Huntington v. Attrill*, 146 U.S. 657, 668 (1892); *see also Culver v. Bell & Loffland, Inc.*, 146 F.2d 29 (9th Cir. 1945) (stating that where the remedy goes to the party aggrieved, the statute may not be strictly penal).

---

[3] Furthermore, as discussed above, if the Court were to allow a recovery of $200 per violation under ORS § 652.615 (and, as discussed above, the Court should not do so), the $3,200 penalty is *seven hundred and fifty-two times* greater than Plaintiff's actual alleged damages.

PAGE 10 -  DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

ORS § 12.100 specifically refers to a penalty statute as one in which "the action is given to the party aggrieved." As such, the legislature explicitly decided that a penalty statute includes a penalty that goes to the claimant and does not necessarily right a public wrong. This interpretation is consistent with the myriad of cases construing ORS § 652.615 as a penalty. Furthermore, Oregon courts have applied ORS § 12.100(2)'s three-year statute of limitations to similar penalty statutes in which the penalty goes to the aggrieved plaintiff. *See Russell v. U.S. Bank National Association*, 246 Or. App. 74, 265 P.3d 1 (2011). In *Russell*, the plaintiff claimed penalty wages under ORS § 652.150, which provides that if an employer willfully fails to pay any wages upon termination, the employer shall provide certain penalty payments to the wronged employee. *Id.* at 77. The parties in *Russell* agreed that the "three-year limitation period specified in ORS § 12.100(2) applies to claims for penalty wages." *Id.*; *see also Hurst v. First Student, Inc.*, No. 3:15-cv-00021-HZ, 2015 WL 6437196, *2 (D. Or. Oct. 22, 2015) (holding that the three-year statute of limitations in ORS § 12.100(2) applies to the civil penalty available under ORS § 652.150.); *Clifton v. Babb Construction Co.*, No. 6:13-cv-01003-MC, 2013 WL 5739080, *4 (D. Or. Oct. 21, 2013) (dismissing any claims for penalties brought under ORS § 652.150 for acts outside of the three-year statute of limitations under ORS § 12.100(2)).

Put simply, ORS § 652.150, like ORS § 652.615, provides a penalty to the aggrieved employee for wrong done. Just as courts apply a three-year statute of limitations to claims for violation of ORS § 652.150, so too should the Court here impose a three-year statute of limitation to Plaintiff's claims for violation of ORS § 652.615.

### D.    Conclusion.

Accordingly, for all of the forgoing reasons, Defendant's Partial Motion for Summary Judgment should be granted. This Court should enter an order determining that Plaintiff is only entitled to *one* $200 penalty under ORS § 652.615 if he proves his claims for alleged violations of

PAGE 11 -  DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT

ORS § 652.610(3), and determining that the statute of limitations for Plaintiff's claim for violation of ORS § 652.615 is three years.

DATED:  January 9, 2019

LANE POWELL PC

By _s/David G. Hosenpud_____
     David G. Hosenpud, OSB No. 832414
     Telephone: 503.778.2100

Attorneys for Defendant ABM Onsite Services -
West, Inc.

PAGE 12 -  DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT