# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JOSEPH BRINKMAN**, both in his individual capacity and, in addition, as a collective action on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>**ABM ONSITE SERVICES – WEST, INC.**,<br><br>    Defendant. | Case Nos. 3:17-cv-00275-SI (Lead)<br>3:17-cv-00478-SI (Consolidated Case)<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

  Plaintiff Joseph Brinkman brought this suit against his former employer, Defendant ABM Onsite Services – West, Inc., alleging that Defendant failed to pay Plaintiff the applicable minimum wage when those wages were due. Plaintiff filed Case No. 3:17-cv-00275-SI ("Case '275") in federal court alleging a FLSA minimum wage claim and a FLSA overtime claim pursuant to 29 U.S.C. §§ 206-07. ECF 1. Plaintiff also filed suit in state court, which Defendant removed to federal court on March 27, 2017 as Case No. 3:17-cv-00478-SI ("Case '478"). The Court has consolidated these two cases.

Defendant now moves for partial summary judgment on two legal questions related to a state-law claim presented in Case '478: (1) whether an employee may recover $200 in statutory damages under Or. Rev. Stat. (hereinafter "ORS") § 652.615 only once or for every paycheck that had the same type of wrongful violation; and (2) whether the $200 in statutory damages constitutes a penalty (in which case there is a 3-year statute of limitations) or liquidated or other non-penal statutory damages (in which case there is a 6-year statute of limitations). Plaintiff has cross-moved for summary judgment on both issues. For the reasons that follow, the Court finds for Defendant on the first issue and for Plaintiff on the second.

## STANDARDS

A party is entitled to summary judgment if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. *Clicks Billiards Inc. v. Sixshooters Inc.*, 251 F.3d 1252, 1257 (9th Cir. 2001). Although "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment," the "mere existence of a scintilla of evidence in support of the plaintiff's position [is] insufficient . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation and quotation marks omitted).

When parties file cross-motions for summary judgment, the court "evaluate[s] each motion separately, giving the non-moving party in each instance the benefit of all reasonable

inferences." *A.C.L.U. of Nev. v. City of Las Vegas*, 466 F.3d 784, 790-91 (9th Cir. 2006) (quotation marks and citation omitted); *see also Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 674 (9th Cir. 2010) ("Cross-motions for summary judgment are evaluated separately under [the] same standard."). In evaluating the motions, "the court must consider each party's evidence, regardless under which motion the evidence is offered." *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 532 (9th Cir. 2011). "Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010). Thereafter, the non-moving party bears the burden of designating "specific facts demonstrating the existence of genuine issues for trial." *Id.* "This burden is not a light one." *Id.* The Supreme Court has directed that in such a situation, the non-moving party must do more than raise a "metaphysical doubt" as to the material facts at issue. *Matsushita*, 475 U.S. at 586.

## DISCUSSION

Plaintiff brought this case on behalf of himself and in a collective action on behalf of "all current and former ABM employees who received a paycheck for work performed in Oregon on or after February 16, 2011." Among other claims, Plaintiff alleges that Defendant wrongfully deducted certain Oregon Workers' Benefit Fund assessments from his paychecks and from the paychecks of putative class members. This is Plaintiff's fourth claim in Case '478 and is titled "Oregon Wrongful Deductions Claim."

**A. ORS § 652.615 Damages**

Plaintiff asserts that Defendant violated ORS § 652.610(3), and therefore that Plaintiff and others similarly situated "are entitled to (for each violation) the greater of $200 or actual damages in an amount to be proven at trial, pursuant to ORS 652.615[.]" ECF 1-1 in Case '478. Plaintiff defines "each violation" as each paycheck containing a wrongful deduction. Defendant

PAGE 3 – ORDER

moves for partial summary judgment on this claim, arguing that Plaintiff is only entitled to actual damages or a *single* $200 penalty under ORS § 652.615 if Plaintiff proves his claims for alleged multiple wrongful deductions under ORS § 652.610 (3). ECF 41 in Case '275. Plaintiff has cross-moved for summary judgment on the same issue.

The core dispute for the purpose of this cross motion for summary judgment is the proper interpretation of ORS § 652.615, "Remedy for violation of itemized statement requirement." That statute provides:

> There is hereby created a private cause of action for a violation of ORS 652.610(3) for actual damages or $200, whichever is greater. In any such action the court may award to the prevailing party, in addition to costs and disbursements, reasonable attorney fees.

*Id.* The referenced statute, ORS § 652.610(3), provides:

> An employer may not withhold, deduct or divert any portion of an employee's wages unless:
>
> (a) The employer is required to do so by law;
>
> (b) The deductions are voluntarily authorized in writing by the employee, are for the employee's benefit and are recorded in the employer's books;
>
> (c) The employee has voluntarily signed an authorization for a deduction for any other item, provided that the ultimate recipient of the money withheld is not the employer and that the deduction is recorded in the employer's books;
>
> (d) The deduction is authorized by a collective bargaining agreement to which the employer is a party;
>
> (e) The deduction is authorized under ORS 18.736; or
>
> (f) The deduction is made from the payment of wages upon termination of employment and is authorized pursuant to a written agreement between the employee and employer for the repayment of a loan made to the employee by the employer, if all of the following conditions are met:
>
> (A) The employee has voluntarily signed the agreement;

      (B) The loan was paid to the employee in cash or other medium permitted by ORS 652.110;

      (C) The loan was made solely for the employee's benefit and was not used, either directly or indirectly, for any purpose required by the employer or connected with the employee's employment with the employer;

      (D) The amount of the deduction at termination of employment does not exceed the amount permitted to be garnished under ORS 18.385; and

      (E) The deduction is recorded in the employer's books.

Plaintiff and Defendant disagree over their interpretation of the plain text of the statute, the legislative history and intent, and relevant case law. The Court addresses each disagreement in turn.

    **1. Plain Text**

Under Oregon law of statutory interpretation, the text of the statutory provision "must always be the starting point in any interpretive endeavor and is the best evidence of the legislature's intent." *State v. Pers.*, 316 Or. 585, 590 (1993) (quotation marks omitted). Defendant emphasizes that the private cause of action of ORS § 652.615 allows a victorious plaintiff to collect "actual damages or $200, whichever is greater." Defendant argues that the statute does not allow "$200 per violation" and that the Court may not read language into the statute that is not already there. *See Portland Gen. Elec. Co. v. Bureau of Labor and Indus.*, 317 Or. 606, 611 (1993).

Plaintiff argues that language expressly allowing $200 per violation is not necessary, because the statute already provides that there is "a private cause of action for *a violation* of ORS 652.610(3)." ORS § 652.615 (emphasis added). Plaintiff asserts that the use of the singular "violation" and the article "a" must mean that a victorious plaintiff may collect $200 for each

"violation." *See Landsem Farms, LP v. Marion Cty.*, 190 Or. App. 120, 127 (2003) (stating that a reviewing court may consider whether the legislature used a noun in the singular or plural).

The Court is unconvinced that the singular usage of "violation" in the statute is reflective of the legislature's intent to make the $200 penalty available "per" violation. It is equally plausible that the legislature did not wish to use the plural "violations" because doing so would wrongly suggest that a cause of action was only available to a plaintiff whose employer violated ORS § 652.610(3) multiple times, or at least more than once.

The Court also finds the Plaintiff's emphasis on the statute's use of the article "a" preceding "violation" to be unpersuasive. Although Plaintiff is correct that the article "a" may be used to indicate one in number, as in "I own *a* dog and two cats," the article may also be used to indicate any non-specified member of a group or category, as in "this conduct is *a* violation of the statute." The latter usage is not necessarily intended to indicate only one in number.

The statute that ORS § 652.615 references, ORS § 652.610(3), further confuses the issue. Although ORS § 652.615 creates a cause of action for "a violation" of ORS § 652.610(3), at least one prohibited category of deduction is described using the plural form: "An employer may not withhold, deduct or divert any portion of an employee's wages unless . . . (b) The *deductions* are voluntarily authorized in writing by the employee, are for the employee's benefit and *are* recorded in the employer's books." ORS § 652.610(3) (emphases added). If the Court were strictly to construe the statutory use of plural and singular nouns as dispositive of how to define a violation and its penalty, then at least one type of singular "violation" of ORS § 652.610(3) would only be triggered by multiple wrongful deductions. Ultimately, the Court finds that the statutory language is not clear, so the Court must turn to the statute's legislative history.

## 2. Legislative History

Defendant cites the precursor to ORS § 652.610 to show that the prior version of the wrongful deductions law expressly allowed a penalty "for each offense," in contrast to the current statute.[1] ECF 49-6. The 1943 law described the remedy for wrongfully withholding an employee's wages as follows:

> Any person, firm, copartnership, association or corporation violating any of the provisions of this act shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be fined not less than ten dollars ($10.00) nor more than one hundred dollars ($100.00) *for each offense.*

1943, Oregon Laws Chapter 434, Section 3 (emphasis added). Defendant argues that this legislative history indicates that the legislature knows how to draft a penalty "for each offense" when it intends to do so, and that the modern statute does not. The Court finds this legislative history persuasive, but also notes that the 1943 law described the punishment for "violating any of the provisions of this act" rather than the punishment for "a violation." The former is a gerund, or a verbal noun, which does not make clear how many violations the person, firm, or other entity engaged in. In contrast, the modern statute refers to the penalty for "a violation" (which in Plaintiff's view means "per" violation) of the wrongful deduction statute. The legislative history, therefore, also does not conclusively resolve this issue.

## 3. Relevant Caselaw

Defendant cites *Nance v. May Trucking Co.*, 2014 WL 2113094, *4 (D. Or. May 20, 2014), an unpublished district court opinion not binding upon this Court. *Camreta v.*

---

[1] Plaintiff disputes that the 1943 law is in fact the direct legislative history of ORS § 652.610, but the Court finds the ORS 1953 Edition Prior Legislative History submitted by Defendant to be persuasive. *See* ECF 49-6. That publication states, "[i]n this publication the pre-1953 legislative history for an ORS section is set forth, in brackets…" and the 1943 law cited by Defendant is set forth in brackets under ORS § 652.610.

*Greene*, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.") (quoting 18 J. Moore et al., *Moore's Federal Practice* § 134.02(1)(d), 134–26 (3d ed. 2011)). The Court may still consider such a decision for its persuasive value. In *Nance*, the court discussed the ORS § 652.610 and found that "Plaintiff's actual damage is $15.99 from the two deductions—$8.69 for the payroll ending April 20, 2011 and $7.30 for the payroll ending May 4, 2011." *Nance*, 2014 WL 2113094, at *4. The court then held:

> Plaintiff seeks $200 for each improper deduction, but I disagree that there are two violations. *See Smith v. Woodward*, 2003 WL 23537985 (D. Or. Sept 30, 2003) (defendants made several unauthorized deductions, but plaintiff only entitled to actual damages or $200). Therefore, I award Plaintiff $200 in damages, costs, and reasonable attorney fees.

*Id.* Aside from the citation to *Smith*, the court in *Nance* did not explain its rationale for why the plaintiff was only entitled to actual damages or a single sum of $200, despite there being more than one improper deduction.

Because it too is a district court decision, *Smith* is also not binding on this Court. In *Smith*, the court stated that "[t]here is no material fact in dispute that by making unauthorized deductions from the non-cash labor credit portion of Smith's wages, defendants violated ORS 652.610(3). As a result, Smith is entitled to recover the greater of his actual damages or $200.00." *Smith*, 2003 WL 23537985, at *8 (citing ORS § 652.615). The *Smith* decision indicates that multiple "deductions" entitle a victorious plaintiff only to an award of either actual damages or a single sum of $200. But the Plaintiff in *Smith* claimed actual damages of $2,899.90 and did not request that the court compute damages as $200 per wrongful deduction. The issue before this Court, therefore, was never directly considered by the court in *Smith*, nor is the opinion clear about how many wrongful deductions the plaintiff alleged. *See id.* at *3

("Defendants made a number of deductions from the $2,500.00 monthly credit due under the Cattle Care Agreement.").

Plaintiff argues that a different line of reasoning in *Smith* indicates that the court understood the $200 in damages to be assessed per violation. Specifically, Plaintiff argues that the court "made multiple awards of 'actual damages or $200, whichever is greater,' for *multiple* different violative deductions." ECF 45. Plaintiff notes that the *Smith* plaintiff recovered $2,899.90 for payroll costs deducted from his wages (actual damages); $5,650.00 for cash deductions from labor credit (actual damages); $147.48 for Forest Service overcharges (actual damages); and $200 for cattle charges (no actual damages because cattle charges were already repaid by the defendant). *Smith,* 2003 WL 23537985, at *8-10. All of the actual damages and the $200 statutory damage for cattle charges were recovered under ORS § 652.615. Plaintiff concludes by arguing that "if damages had been aggregated among the several violations, as ABM urges, then Smith could not have recovered $200 for the cattle charge deductions—his aggregate actual damages were already far more than $200." ECF 45.

The Court disagrees. The court in *Smith* was not allowing $200 or actual damages to be collected "for multiple different violative deductions," as Plaintiff asserts; instead, the court was allowing $200 or actual damages to be collected for multiple *categories* of violative deductions. As Defendant correctly notes, the fact that the *Smith* plaintiff was awarded the statutory penalty of $200 for cattle charges despite not having any actual damages does not support Plaintiff's interpretation of the statute. If Plaintiff's interpretation of the court's view in *Smith* were correct, the court would have awarded the *Smith* plaintiff a $200 penalty for every pay period with a deduction taken over the 13.5 month period relating to the plaintiff's son's cattle. The *Smith* court did not do so.

This Court is bound when the supreme court of the state has decided a question of state law. *Erie R. Co. v. Tompkins*, 304 U.S. 64, 79 (1938). Plaintiff argues that there is no binding Oregon authority that resolves this issue, and in response, Defendant cites *Allen v. Cty. of Jackson Cty.*, 340 Or. 146 (2006). In *Allen*, the Oregon Supreme Court stated in a footnote that "judgment below awarded each recovering plaintiff more than $200 in damages, so the statutory minimum recovery did not come into play." *Id.* at 151 n.2. Although the description of the "judgment below" and the fact that a single sum of $200 "did not come into play" is arguably not a holding by the Oregon Supreme Court, this statement is still perhaps best indicator of how the Oregon Supreme Court views the proper measure of damages of this statute: actual damages or $200 total, and not $200 per violative deduction. *But see Jones v. Four Corners Rod & Gun Club*, 290 Or. App. 811, 814, review allowed, 363 Or. 727 (2018) (defendant conceded that $200 could be assessed per violative paycheck, and therefore the issue was never actually litigated).

Plaintiff cites two Oregon trial-court decisions that allowed a $200 penalty to be collected per violative deduction. The Court, however, finds that "a goodly number of the trial courts of the state" have not "generally and for a considerable period of time . . . adhered to a common interpretation of the point"; therefore, this Court is not bound under the *Erie* doctrine, especially given the statement by the Oregon Supreme Court in *Allen*. *See State of Cal., Dep't of Emp't v. Fred S. Renauld & Co.*, 179 F.2d 605, 609 (9th Cir. 1950); *see also Belwood v. Dover Mgmt., Inc.*, 2009 WL 10677096, *1 (Or. Cir. Mar. 18, 2009) ("Plaintiff is hereby awarded $200 (two hundred dollars) for each of the 32 counts for a total award of $6,400."); *Lohse v. CPR Associates of Oregon, Inc.*, 2008 WL 4612445 (Or. Cir. Mar. 10, 2008) ("[P]laintiff is entitled to recover thereon $400.00 for two unlawful deductions pursuant to ORS 652.615.").

Because the Oregon Supreme Court's statement in *Allen* is the best indicator of how the state's highest tribunal likely would interpret this Oregon law, this Court finds that ORS § 652.615 allows a successful plaintiff to be awarded actual damages or a single sum of $200, whichever is greater, for a given type of violation of ORS § 652.610(3), even if that violation occurs multiple times across multiple pay-periods.[2]

**B. ORS § 652.615: Penalty or Non-Penalty**

Plaintiff and Defendant also disagree over whether the $200 damages provided by ORS § 652.615 is a penalty or is non-penalty statutory liquidated damages. This disagreement determines the applicable statute of limitations. ORS § 12.100(2) states that "an action upon a statute for penalty or forfeiture, where the action is given to the party aggrieved, or to such party and the state . . . shall be commenced within three years." In contrast, ORS § 12.080(2) allows for a six-year statute of limitations for "[a]n action upon a liability created by statute, other than a penalty or forfeiture, excepting those mentioned in ORS 12.110."

Courts have used the terms "penalty" and "statutory liquidated damages" when referring to the damages available under ORS § 652.615. *Compare Wilson v. Smurfit Newsprint Corp.*, 197 Or. App. 648, 654 (2005) (referring to ORS § 652.615 as a penalty), *and Krouse v. Ply Gem Pacific Windows Corp.*, 803 F. Supp. 2d 1220, 1225 (D. Or. 2011) (same), *with Johnson v. O'Malley Bros. Corp.*, 285 Or. App. 804, 807, review denied, 362 Or. 300 (2017) ("In his second

---

[2] Plaintiff asserts that public policy considerations indicate that such an interpretation could not be what the Oregon legislature intended, because it would allow employers to "nickel-and-dime their employees to death." ECF 45. Plaintiff argues that under such an interpretation of the law, "once an employer has made a violative deduction, it has no incentive to fix the problem. Indeed, the employer is actually incentivized to keep deducting—the worst that could happen is that it is going to have to pay $200 per employee." ECF 45. This is incorrect. The employer's incentive to stop wrongfully deducting is that there is no statutory maximum penalty for actual damages, and therefore as long as the employer continues to wrongfully deduct beyond $200, actual damages will continue to increase.

PAGE 11 – ORDER

claim for relief (the unlawful withholding claim), plaintiff sought, under ORS 652.615, statutory liquidated damages of $200.00 arising solely out of his claim that the $126.95 deduction was unlawful."); *Tolle v. Dempsey*, 2013 WL 6670263, at *4 (D. Or. Dec. 17, 2013) ("Here, each plaintiff's actual damages are less than the statutory minimum of $200. Accordingly, each plaintiff is entitled to statutory damages in the amount of $200.00, pursuant to ORS § 652.615.").

Both parties concede that the terminology used in these cases is conflicting and that there is no caselaw directly addressing the statute of limitations applicable to ORS § 652.615. The Court must therefore consider the general factors for determining whether a statute is intended to be a penalty. "An accepted definition of a statutory penalty is that it is one which an individual is allowed to recover against a wrongdoer, as a satisfaction for the wrong or injury suffered, and without reference to the actual damage sustained." *Nordling v. Johnston*, 205 Or. 315, 324 (1955). Oregon courts also consider whether the "statute itself uses the word 'penalty,'" *id.* at 327, and whether the statute references the defendant's culpability or mental state. *Diaz v. Coyle*, 152 Or. App. 250, 259-60 (1998) (Warren, J., dissenting). A statute's concern for a defendant's *mens rea* may indicate the punitive nature of the statute. *Id.* Finally, Oregon courts consider "the difficulty of proving all the real damages suffered by [a plaintiff], and the expense and trouble to which [a plaintiff] is put by the necessity of maintaining an action in court. *Nordling*, 205 Or. at 327.

After considering each of these factors, the Court finds that the $200 allowed by ORS § 652.615 is not a penalty and is instead an award of statutory liquidated damages. The statute does not use the word "penalty." The statute provides a liquidated damages sum in situations in which actual damages may be difficult to prove and expensive and troublesome for a plaintiff to litigate. The sum of $200 is also not "without reference to the actual damage sustained,"

*Nordling*, 205 Or. at 325, as Defendant suggests. Instead, $200 is a baseline amount that a victorious plaintiff will collect so long as the plaintiff's actual damages are not greater. The $200 sum expressly references the actual damages sustained. The six-year statute of limitations therefore applies.

## CONCLUSION

Defendant's Motion for Partial Summary Judgment (ECF 41) is GRANTED in part and DENIED in part; Plaintiff's Cross Motion for Partial Summary Judgment (ECF 46) is GRANTED in part and DENIED in part. The Court finds that ORS § 652.615 allows a successful plaintiff to be awarded actual damages or a single sum of $200, whichever is greater, for a given type of violation of ORS § 652.610 (3), even if that violation occurs multiple times across multiple pay-periods. The Court also finds that ORS § 652.615 is not a penalty.

**IT IS SO ORDERED**.

DATED this 23rd day of April, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge